```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

Rashaun Hollins,                )
                                )
           Plaintiff,           )
                                )
     v.                         )    No. 13 c 8874
                                )
Stateville I.D.O.C.,            )
                                )
           Defendant.           )
```

MEMORANDUM ORDER

Rashaun Hollins ("Hollins") has utilized the printed Clerks-Office-supplied form of 42 U.S.C. 1983 ("Section 1983") Complaint to charge that his constitutional rights were violated by his being subjected to unacceptable living conditions at Stateville Correctional Center ("Stateville") during a four-week stint in June 2013.[1]  This memorandum order is issued sua sponte to require Hollins to comply with some basic requirements of such prisoner-rights litigation.

That type of lawsuit forms a substantial part of the caselaw assigned to this Court and its colleagues.  This Court is always heedful of the directive in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) (per curiam) that such pro se efforts are to be viewed through a more generous lens than lawyer-produced pleadings -- but in this instance that does not excuse Hollins' deficiencies.

---

[1] Hollins has since been transferred to Vandalia Correctional Center ("Vandalia").

But before those substantive deficiencies are addressed, it should also be noted that Hollins designated defendant -- "Stateville I.D.O.C." -- is not a suable legal entity. That flaw is potentially curable, so it will not be addressed for the present -- instead it will be reserved for consideration if and when Hollins deals with the matters discussed hereafter.

First among those matters, Hollins has not supplied the information required by 28 U.S.C. § 1915 ("Section 1915") to enable this Court to address his request for in forma pauperis ("IFP") treatment -- a requirement applicable to all prisoner litigants seeking IFP status. Nor is this a matter of expecting him to be familiar with, or to have ready access to, Section 1915 itself -- here is the plain instruction in Hollins' Motion and Affidavit To Proceed in District Court Without Prepaying Fees or Costs ("Application") that he has submitted on a printed form provided by another District Court (emphasis added):

> I am being held at Vandalia Correctional Center. I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. <u>I am also submitting a similar statement from any other institution where I was incarcerated during the last six months</u>.

Despite that plain-language directive, the only printout that Hollins has tendered is from Vandalia, and it covers only the period from October 10 to December 9, 2013. Conspicuously absent is any comparable printout from Stateville covering the

period from and after June 20, 2013 and, if Hollins was not housed at Stateville continuously until his transfer to Vandalia, the corresponding information from whatever other custodial institution he was assigned to.

Accordingly Hollins is ordered to supply the missing information on or before January 20, 2014 so that this Court can make the necessary determination under Section 1915. Failure to do so will result in the dismissal of this action without prejudice.

That alone may not be enough to keep Hollins in court on his current Complaint. Even if it is assumed that his substantive claim is viable for Section 1983 purposes (an issue not resolved here), he must also clear the hurdle created By Congress for all prisoner lawsuits of the type sought to be advanced by Hollins. Under 42 U.S.C. Section 1997e(a) a plaintiff prisoner must demonstrate that he has exhausted all available administrative remedies. On that score Hollins' Statement of Claim in Complaint ¶ IV says only this about his Stateville stay from May 31 to June 28 of this year:

> I was forced to sleep on the floor. Bugs was a constant problem and from time to time mice were roaming around. I was told the reason I was forced to sleep on the floor due to the capacity of the facility. When brought to administrative the problem remained unsolved.

Just what Hollins means by "when brought to administrative" is really unclear -- does it reflect the required exhaustion of

administrative remedies? Hence Hollins' further submission referred to earlier must also include the record or records showing his attempts to obtain administrative relief and showing the denial of those efforts. And once again, any failure to satisfy that requirement will result in the dismissal of this action without prejudice.

_____
Milton I. Shadur
Senior United District Judge

Dated: December 26, 2013